AO 91
Rev. 11/97

# CRIMINAL COMPLAINT

| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>EDWARD LEE LEBLANC | DOCKET NO.<br><br>MAGISTRATE'S CASE NO.<br>ED13-0276M |

Complaint for violation of Title 18, United States Code, Section 1073.

| NAME OF MAGISTRATE JUDGE<br>HONORABLE OSWALD PARADA | UNITED STATES<br>MAGISTRATE JUDGE | LOCATION<br>Riverside, CA |
|---|---|---|
| DATE OF OFFENSE<br>August 12, 2008 | PLACE OF OFFENSE<br>Riverside County | ADDRESS OF ACCUSED (IF KNOWN) |

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

On or about August 12, 2008, in Riverside County, in the Central District of California, and elsewhere, **EDWARD LEE LEBLANC** moved and traveled in interstate commerce to avoid prosecution, custody, and confinement for the commission of MURDER, a violation of California Penal Code section 187(A), a felony under the laws of the State of California, all in violation of Title 18, United States Code, Section 1073.

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:
(See attached affidavit which is incorporated as part of this Complaint)

MATERIAL WITNESSES IN RELATION TO THIS CHARGE:

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT<br><br>KEVIN BOLES |
|---|---|
| | OFFICIAL TITLE<br>SPECIAL AGENT- Federal Bureau of Investigation (FBI) |

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE(1) | DATE<br>May 30, 2013 |
|---|---|

1) See Federal Rules of Criminal Procedure rules 3 and 54.
ABIGAIL EVANS:ii REC:Detention

# A F F I D A V I T

I, Kevin M. Boles, being duly sworn, hereby depose and say as follows:

1. I am a Special Agent of the Federal Bureau of Investigation ("FBI") and have served in that capacity for approximately seven years. I am currently assigned to a multi-jurisdictional violent crime/fugitive task force, known as the Inland Regional Apprehension Team ("IRAT"), in Riverside, California.

2. The following affidavit is in support of a criminal complaint and arrest warrant charging EDWARD LEE LEBLANC ("LEBLANC") with a violation of Title 18, United States Code, Section 1073 (Unlawful Flight to Avoid Prosecution).

3. On or about June 2012, and each day thereafter, I have been in contact with Task Force Officer ("TFO") Manuel Campos ("Campos"), a Deputy with the Riverside County Sheriff's Department ("RCSD"). TFO Campos is also assigned to the IRAT Task Force. I am personally familiar with TFO Campos' fugitive investigation through daily contact with him. Based on my discussions with TFO Campos and my review of investigative reports, I know the following:

1

a. TFO Campos has been in contact with RCSD Homicide Investigator Josh Button since on or about June 2012, when Investigator Button contacted TFO Campos for the purpose of requesting the assistance of IRAT and the FBI in locating and apprehending fugitive LEBLANC. Investigator Button told TFO Campos that he and other RCSD law enforcement officers conducted an investigation of a homicide that occurred in Riverside County, California, on or about February 12, 2008.

b. In summary, on March 20, 2008, the RCSD received a missing persons report from S.M., who had reported her daughter, K. M., missing (RCSD case number O08080031). The RCSD investigated the matter and determined the circumstances surrounding her disappearance to be suspicious. On April 14, 2008, RCSD obtained information indicating K. M. was murdered and as a result, the investigation was transitioned to the RCSD Central Homicide Unit.

c. On or about July 10, 2008, RCSD Homicide Investigator Button located the remains of K. M. in a rural area of Riverside County, California. On July 22, 2008, the Riverside County Coroner confirmed the remains located by Investigator Button were those of victim K. M.

d. RCSD Central Homicide Unit investigated the matter and identified LEBLANC as the primary suspect for the murder.

RCSD Central Homicide Unit presented the findings of their investigation to the Riverside County District Attorney's Office and, as a result, on August 12, 2008, an arrest warrant was issued for violation of California Penal Code section 187(A), murder, and a warrant was issued (warrant number INF062817).

4. Immediately upon the identification of LEBLANC as the target of the investigation, RCSD Homicide Unit and other law enforcement officers began searching for LEBLANC. The officers visited all of LEBLANC'S last known Riverside County addresses and hangouts and interviewed associates and family members. These attempts to locate LEBLANC were unsuccessful.

5. On or about May 23, 2013, I conducted query of available law enforcement databases to determine if LEBLANC had been arrested anywhere in the United States. According to LEBLANC'S interstate criminal history, he has not been arrested anywhere in the United States since February 14, 2008, when he was arrested in Riverside County for a weapons violation. Although this arrest occurred two days after the murder, LEBLANC was not identified as a suspect in the murder at that time. According to California Department of Motor Vehicles records, LEBLANC has not attempted to renew his California driver's license, which expired in August 2008. I also learned LEBLANC

3

obtained a driver's license in the state of Arizona in 2006, but has not updated his address since acquiring the license.

6. On or about January 2012, I reviewed a Certificate of Vital Record from Riverside County documenting the birth of LEBLANC (certificate number 4935). On the birth certificate, the fugitive's mother was identified as Milagro Comparini, born in "Central America". On or about January 2012, I reviewed records obtained by the United States Department of State in which Milagro Comparini had sponsored three individuals, all with Comparini as a last name, from the country of Guatemala to enter the United States on visitor visas.

7. On or about December 2012, TFO Campos conducted an interview of Kisha Barr in Palm Springs, California. According to RCSD investigative reports, Barr was a close associate of LEBLANC and witnessed the murder. Kisha Barr told TFO Campos that she had not seen LEBLANC since February 2008, right after the murder. Kisha Barr was asked about LEBLANCs current location, and she advised she believed he was in Guatemala.

8. On or about December 2012, TFO Campos conducted a telephonic interview of Bradley Eggleston in Palm Springs, California. Eggleston was a close associate of LEBLANC around the time of the murder. Eggleston told TFO Campos that several weeks after the homicide, Eggleston received a phone call from

4

LEBLANC. Eggleston could not recall the phone number from the caller ID on his phone, but he was able to articulate the phone number contained more digits than a standard United States phone number. Eggleston opined the caller ID appeared to come from an international phone number. Eggleston further advised that he believed LEBLANC went to Guatemala, but could not attribute the information to a single source. Eggleston told TFO Campos that LEBLANC went to Guatemala because "that is where his family is at."

9. On or about May 20, 2013, I reviewed an investigative report generated by the Guatemalan Policia Nacional Civil (PNC) on May 6, 2013. According to the report, on May 4, 2013, the PNC conducted investigation, at the request of the FBI, at a residence in Quetzaltenango, Guatemala, which is currently occupied by family members of LEBLANC. During the investigation, PNC observed a male adult come and go from the residence. This unidentified adult male closely resembled LEBLANC when compared with previous booking photos of LEBLANC provided to PNC by the FBI. The PNC officers did not approach the individual to confirm his identity at the time of the surveillance, but based on their observation and comparison to the booking photos, they believe that the individual may have been LEBLANC.

5

10. Based on my training and experience in fugitive investigations, I believe that persons, in this case LEBLANC, who have committed crimes that may lead to incarceration upon their arrest, and/or conviction, often flee the area from which they are wanted. Additionally, my training and experience also leads me to believe that many fugitives with family, heritage, or other ties to foreign countries, in this case Guatemala, will often take advantage of these family contacts to avoid apprehension by United States law enforcement.

11. Based on the foregoing, I respectfully submit that there is probable cause to believe that LEBLANC has violated Title 18, United States Code, Section 1073, by fleeing the State of California to avoid prosecution.

───────────────────────────────
Kevin M. Boles, Special Agent
Federal Bureau of Investigation
Riverside, California

Subscribed and sworn to by me this __30__ day of May 2013

───────────────────────────────
HONORABLE **OSWALD PARADA**
UNITED STATES MAGISTRATE JUDGE

6